UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

MINDY SHAW,

                              **Plaintiff,**

    vs.                                                    **1:15-cv-00215**
                                                                    **(MAD/TWD)**

**RONDOUT VALLEY CENTRAL SCHOOL
DISTRICT; ROSARIO AGOSTARO,
individually, and as Superintendent of
Schools; TIMOTHY WADE, individually,
and as Deputy Superintendent of Schools;
MICHELLE DONLON, individually, and
as Assistant Superintendent for Curriculum
and Instruction; DEBRA KOSINSKI,
individually, and as Rondout Valley School
Business Administrator; BREANNA
COSTELLO, individually, and as President
of the School Board; MICHAEL LAMBERT,
ESQ.; BOARD OF EDUCATION OF THE
RONDOUT VALLEY CENTRAL SCHOOL
DISTRICT,**

                              **Defendants.**
_____

**APPEARANCES:**                                  **OF COUNSEL:**

**GOLDSTEIN & GOLDSTEIN LAW FIRM**        **PAUL J. GOLDSTEIN, ESQ.**
One Civic Center Plaza, Suite 541
Poughkeepsie, New York 12601
Attorneys for Plaintiff

**DRAKE LOEB, PLLC**                          **NICHOLAS A. PASCALE, ESQ.**
555 Hudson Valley Avenue - Suite 100
New Windsor, New York 12553
Attorneys for Defendants Rondout
Valley Central School District,
Rosario Agostaro, Timothy Wade,
Michelle Donlon, Debra Kosinski,
Breanna Costello, Board of Education
of the Rondout Valley Central School
District

**DONOHUE, SABO, VARLEY &**                   **FRED HUTCHISON, ESQ.**

**HUTTNER, LLP**
P.O. Box 15056
120 Broadway
Albany, New York 12212-5056
Attorneys for Defendant
Michael Lambert, Esq.

**Mae A. D'Agostino, U.S. District Judge:**

## MEMORANDUM-DECISION AND ORDER

### I. INTRODUCTION

On February 24, 2015, Plaintiff Mindy Shaw commenced this action alleging violations of

the Fourth, Fifth and Fourteenth Amendments of the United States Constitution, and state

common law. *See* Dkt. No. 1; *see also* Dkt. No. 21-1. On May 8, 2015, Defendants moved to

dismiss this action pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil

Procedure. *See* Dkt. Nos. 17-6 and 18-6.

Currently before the Court are Defendants' motions to dismiss.

### II. BACKGROUND

Plaintiff Mindy Shaw is a tenured faculty member of the Marbletown Elementary School,

which is part of the Rondout Valley Central School District (the "School District"). *See* Dkt. No.

1 at 1-2. The School District, is a central school district located in Ulster County, in the State of

New York. *See* Dkt. No. 1 at 1.

Plaintiff is a New York State certified licensed elementary and special education teacher.

*See id.* at 3. Plaintiff holds a doctorate degree in education and has taught in the School District

since 1989. *Id.* All of Plaintiff's time has been spent teaching at the Marbletown Elementary

School, where Plaintiff claims to have received awards and been recognized for her work. *See id.*

at 3.

In April 2013, Defendant Rosairo Agostaro, Superintendent of the School District, and Mr. William Cafiero, Principal of the Marbletown Elementary School, attended a budget meeting where the implementation of a "2-3, multi-aged classroom" was discussed. *See id*. at 3. Plaintiff claims that Mr. Cafiero denied knowledge of the new 2-3, multi-aged classroom, but Defendant Agostaro alleged that he told Mr. Cafiero about the 2-3, multi-aged classroom. *See id*. at 4. The day after the April budget meeting, Defendant Agostaro held a meeting along with Mr. Cafiero and Defendants Timothy Wade, Deputy Superintendent for the School District, and Ms. Michelle Donlon, Assistant Superintendent for Curriculum and Instruction. *Id*. In the meeting, Defendants warned Mr. Cafiero that he must comply with all of the policies that go with the 2-3, multi-age classroom. *Id*. Plaintiff claims, however, that Mr. Cafiero informed Defendants during the meeting "that a number of teachers had expressed concerns about the 2-3, multi-age classroom and were composing a letter to the School Board expressing their concerns." *Id*. In response to Mr. Cafiero's statement, Defendants Agosaro and Donlon informed Mr. Cafiero that protocol "required the teachers to express their concerns to Agostaro and Donlon before presenting them to the School Board." *Id*.

Plaintiff alleges that after the meeting Defendant Wade "suggested secretly searching Cafiero's email history to find out if he had been interacting with the teachers about their letter to the School Board regarding the 2-3, multi-age classroom." *See* Dkt. No. 1 at 4. Further, Plaintiff alleges that, after that discussion, Defendant Agostaro authorized the search of Mr. Cafiero's emails and that Defendant Wade and Defendant Ms. Debra Kosiniske, a Business Administrator for the School District, conducted the search. *Id*. The search included six weeks of Mr. Cafiero's emails. *Id*. Further, Plaintiff asserts that Defendant Donlon was aware of the search while Mr. Cafiero and Plaintiff were not. *Id*.

3

During the search, Defendants found emails that were sent between Mr. Cafiero and Plaintiff. *See* Dkt. No. 1 at 4. These emails contained attachments of observations and requests regarding the letter the teachers were planning on sending to the School Board. *Id*. Additionally, Plaintiff claims that Defendant Wade then directed Kyle McDermott, the district administrator for the School District's network, to recover every email between Mr. Cafiero and Plaintiff, including the emails that held documents that were password protected. *See* Dkt. No. 1 at 4. Once the emails were recovered and reviewed, Defendant Wade saved "all emails that pertained to evaluation reports, which included the names of the teachers, staff, and drafts of evaluation reports for those teachers and staff members." *See* Dkt. No. 1 at 5. After collecting the emails, Defendant Wade allegedly pulled file copies of the final evaluation reports and compared language between the draft attachments in the emails between Mr. Cafiero and Plaintiff and the final evaluation reports in the employee's personnel file. *See id*. Finally, Plaintiff claims that after Defendant Wade reviewed all of the emails, he concluded that Plaintiff assisted Mr. Cafiero in the preparation of the final evaluation reports to an extent that warranted termination of her tenure and employment. *See id*.

Following the review of the emails, Plaintiff alleges that Defendant Michael Lambert, Esq., employed on retainer by the School District, Defendant Wade, and Defendant Donlon interviewed Marbletown Elementary School teachers and staff, without notifying Plaintiff or Mr. Cafiero. *See* Dkt. No. 1 at 5. The point of the interviews was to find out if the teachers were aware that Plaintiff might have edited preliminary drafts of their Annual Professional Performance Review evaluation reports at Mr. Cafiero's request. *See* Dkt. No. 1 at 5. Plaintiff claims that each teacher said "they were not aware that Plaintiff had allegedly assisted Cafiero by editing their report, and each [teacher] expressed equanimity and confidence that if [Plaintiff]

4

had, she would have assured its veracity." *Id*. Further, Plaintiff claims that despite the absence of protests or complaints from the other elementary school teachers about the evaluations and the absence of evidence suggesting any misrepresentations in the evaluations, Defendants Agostrao and Wade contacted the New York State Educational Department about the issue, providing a sample of the cited evaluations. *Id*.

Plaintiff alleges that Defendant Wade, on his own, determined that Mr. Cafiero violated an unspecified unwritten rule, which was that employee evaluations are private and the exclusive responsibility of certified evaluators. *See* Dkt. No. 1 at 5. Based on this determination, Defendant School District brought five charges against Plaintiff alleging the following: (1) exhibited conduct unbecoming of a teacher; (2) drafted false and/or fraudulent observation reports; (3) shared and/or exchanged with Mr. Cafiero confidential employee information; (4) wrongfully drafted and submitted to Mr. Cafiero her own observation report; and (5) knowingly and wrongfully conspired with Mr. Cafiero to prepare fraudulent observation reports. *See* Dkt. No. 1 at 5-6. Plaintiff contends the five charges brought against her were intended to justify termination of Plaintiff's tenure and employment, and to "adversely impact" Plaintiff for the rest of her life. *See id*. at 6-7.

According to the complaint, Defendant School District did not investigate the allegations; instead there was a sixteen day hearing on the charges, which was conducted in front of Hearing Officer Jeffery Michael Sherman. *See* Dkt. No. 1 at 7. Plaintiff claims Defendants' charges against Plaintiff "provoked some parents to question, challenge, and protest [Defendants'] action," as Plaintiff had never been disciplined before these allegations and further had been praised by school administrators, colleagues, and parents. *Id*. Finally, on June 3, 2014, at the conclusion of the hearing, Defendant School District had offered no proof that Plaintiff violated the

confidentiality of any evaluation report and therefore all charges against Plaintiff were dismissed by the Hearing Officer, Mr. Sherman. *See id*. at 8.

Plaintiff's complaint asserts eight cause of action claims against Defendants. *See* Dkt. No. 1 at 8-12. The causes of action include (1) malicious prosecution; (2) abuse of process; (3) intentional infliction of emotional distress; (4) deprivation of substantive due process ; (5) defamation; (6) deprivation of liberty interest; (7) violation of civil rights pursuant to 42 U.S.C. § 1983; and (8) prima facie tort. *Id*.

For each cause of action Plaintiff more or less asserts that Defendants' actions towards Plaintiff were malicious, outrageous, extreme, intentional, and unlawful leading to Plaintiff suffering injuries and damages including severe emotional distress, trauma, nervousness, anxiety, embarrassment and humiliation, loss of her good name and reputation in the community, and medical and legal expenses. *See* Dkt. No. 1 at 8-12. Finally, Plaintiff demands a judgment against Defendants in the amount of $10,000,000 as compensatory damages and $10,000,000 as punitive damages, and reasonable attorney fees. *See id*. at 13.

Defendants have moved to dismiss all causes of action pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. *See* Dkt. Nos. 17 and 18. In her response memorandum of law, Plaintiff withdrew her fifth, sixth, and seventh cause of action claims. *See* Dkt. No. 21-1 at 12-21.

### III. DISCUSSION

#### A. Standard of Review

When a party moves to dismiss a claim pursuant to Rule 12(b)(1), "the movant is deemed to be challenging the factual basis for the court's subject matter jurisdiction." *Cedars-Sinai Med.*

*Ctr. v. Watkins*, 11 F.3d 1573, 1583 (Fed. Cir. 1993) (citations omitted). For purposes of such a motion, "the allegations in the complaint are not controlling . . . and only uncontroverted factual allegations are accepted as true. . . ." *Id.* (internal citations omitted). Both the movant and the pleader are permitted to use affidavits and other pleading materials to support and oppose the motion to dismiss for lack of subject matter jurisdiction. *See Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000) (citation omitted). "Furthermore, 'jurisdiction must be shown affirmatively, and that showing is not made by drawing from the pleadings inferences favorable to the party asserting it.'" *Gunst v. Seaga*, No. 05 Civ. 2626, 2007 WL 1032265, *2 (S.D.N.Y. Mar. 30, 2007) (quoting *Shipping Financial Services Corp. v. Drakos*, 140 F.3d 129, 131 (2d Cir. 1998)); *see also State Employees Bargaining Agent Coal. v. Rowland*, 494 F.3d 71, 77 n.4 (2d Cir. 2007) (holding that, in a motion to dismiss for lack of subject matter jurisdiction, a court "may resolve disputed factual issues by reference to evidence outside the pleadings, including affidavits").

Under a Rule 12(b)(1) motion to dismiss, "'a court accepts as true all the factual allegations in the complaint and must draw all reasonable inferences in favor of the plaintiff.'" *Champagne v. United States*, 15 F. Supp. 3d 210, 218 (N.D.N.Y. 2014) (quoting *Lunney v. United States*, 319 F.3d 550, 554 (2d Cir. 2003)). Further, "[u]nder Rule 12(b)(1), '[d]ismissal is inappropriate unless it appears beyond doubt that the plaintiff can prove no set of facts which would entitled him or her to relief.'" *Champagne*, 15 F. Supp. 3d at 218 (quoting *Raila v. United States*, 355 F.3d 118, 119 (2d Cir. 2004)).

A motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the legal sufficiency of the party's claim for relief. *See Patane v. Clark*, 508 F.3d 106, 111-12 (2d Cir. 2007) (citation omitted). In considering the legal

7

sufficiency, a court must accept as true all well-pleaded facts in the pleading and draw all reasonable inferences in the pleader's favor. *See ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007) (citation omitted). This presumption of truth, however, does not extend to legal conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). Although a court's review of a motion to dismiss is generally limited to the facts presented in the pleading, the court may consider documents that are "integral" to that pleading, even if they are neither physically attached to, nor incorporated by reference into, the pleading. *See Mangiafico v. Blumenthal*, 471 F.3d 391, 398 (2d Cir. 2006) (quoting *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152-53 (2d Cir. 2002)).

To survive a motion to dismiss, a party need only plead "a short and plain statement of the claim," *see* Fed. R. Civ. P. 8(a)(2), with sufficient factual "heft to 'sho[w] that the pleader is entitled to relief[,]'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007) (quotation omitted). Under this standard, the pleading's "[f]actual allegations must be enough to raise a right of relief above the speculative level," *see id.* at 555 (citation omitted), and present claims that are "plausible on [their] face," *id.* at 570. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (citation omitted). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of "entitlement to relief."'" *Id.* (quoting [*Twombly*, 550 U.S.] at 557, 127 S. Ct. 1955). Ultimately, "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," *Twombly*, 550 U.S. at 558, or where a plaintiff has "not nudged [its] claims across the line from conceivable to plausible, the[ ] complaint must be dismissed[,]" *id.* at 570.

8

**B.      Matters outside the pleadings**

In her response to Defendants' motions to dismiss, Plaintiff submitted a memorandum of law and a declaration of counsel with attached exhibits, including the decision in the underlying § 3020-a hearing and the entire transcript of a § 50-h hearing.  To the extent that these documents contain additional facts not alleged in the complaint, the Court will not consider them in deciding Defendants' motions to dismiss.  *See Lacey v. Yates Cnty.*, 30 F. Supp. 3d 213, 220 (W.D.N.Y. 2014) (refusing to consider a 50-h hearing transcript that was neither attached to the complaint, nor incorporated into the complaint by reference) (citing cases).

**C.      Substantive due process**

In their motion to dismiss, the School District Defendants contend that Plaintiff's substantive due process claim must be dismissed because she has failed to identify a fundamental constitutional right.  *See* Dkt. No. 18-6 at 14-15.  Specifically, the School District Defendants assert that the "complaint in this case fails to provide a 'careful description' of the fundamental interest at issue and only generally alleges a 'constitutionally protected property interest as a tenured teacher.'" *Id.* at 14.  Moreover, the School District Defendants contend that, even assuming that the complaint sufficiently identified such a fundamental right, the claim must still be dismissed because Plaintiff does not allege a deprivation of such a right.  *See id.* at 16.  Finally, the School District Defendants argue that this claim must be dismissed because Plaintiff fails to allege any conduct which shocks the conscience, as required to support a substantive due process claim.  *See id.* at 17-18.

In response, Plaintiff argues that her position as a tenured teacher is a property interest protected by the Fourteenth Amendment.  *See* Dkt. No. 21-1 at 17.  Further, Plaintiff contends

9

that Defendants' actions, including the administrative actions taken against her without investigation or justification, are sufficiently arbitrary and outrageous to support her claim. *See id.* at 18-19.

"Substantive due process protects only those interests that are 'implicit in the concept of ordered liberty.'" *Local 342 v. Town Bd. of Huntington*, 31 F.3d 1191, 1196 (2d Cir. 1994) (quoting *Palko v. Connecticut*, 302 U.S. 319, 325, 58 S. Ct. 149, 151, 82 L. Ed. 288 (1937)). "In order to state a valid claim for violation of substantive due process, [plaintiff] must show that [defendant's action] was an 'exercise of power without any reasonable justification in the service of a legitimate governmental objective[.]'" *SeaAir N.Y. Inc. v. City of N.Y.*, 250 F.3d 183, 187 (2d Cir. 2001) (quoting *County of Sacramento v. Lewis*, 523 U.S. 833, 846, 118 S. Ct. 1708, 140 L. Ed. 2d 1043 (1998)). "Substantive due process protects individuals against government action that is arbitrary, conscience-shocking, or oppressive in a constitutional sense, but not against government action that is incorrect or ill-advised." *Cunney v. Bd. of Trustee of Village of Grand View, N.Y.*, 660 F.3d 612, 626 (2d Cir. 2011) (quoting *Kaluczky v. City of White Plains*, 57 F.3d 202, 211 (2d Cir. 1995)). "It does not forbid governmental actions that might fairly be deemed arbitrary or capricious and for that reason correctable in a state court lawsuit seeking review of administrative action. Substantive due process standards are violated only by conduct that is so outrageously arbitrary as to constitute a gross abuse of governmental authority." *Natale v. Town of Ridgefield*, 170 F.3d 258, 263 (2d Cir. 1999).

To state a substantive due process claim, a plaintiff must allege that (1) he had a "valid 'property interest' in a benefit that was entitled to constitutional protection," (2) he was denied that interest, and (3) that the defendants' actions in depriving him of that interest were "so outrageously arbitrary as to be a gross abuse of governmental authority." *Lisa's Party City, Inc. v.*

*Town of Henrietta*, 185 F.3d 12, 17 (2d Cir. 1999) (internal quotation marks omitted); *see also Ferran v. Town of Nassau*, 471 F.3d 363, 369–70 (2d Cir. 2006); *Walker v. City of Waterbury*, 361 Fed. Appx. 163, 165 (2d Cir. 2010) (holding that, "[i]n order to sustain a substantive due process claim, a plaintiff must demonstrate, *inter alia*, that he was deprived of a fundamental constitutional right") (citation omitted).

In the context of a procedural due process claim, Plaintiff would undeniably have a protected property interest in her continued tenured employment. *See Strong v. Bd. of Educ. of Uniondale Union Free Sch. Dist.*, 902 F.2d 208, 211 (2d Cir. 1990) (holding that, in the context of a procedural due process claim, the plaintiff's "position as a tenured teacher is indisputably a property interest protected by the fourteenth amendment") (citation omitted). However, unlike the substantive rights protected by procedural due process which emanate from state law, substantive due process rights emanate from the United States Constitution. *See Regents of Univ. of Michigan v. Ewing*, 474 U.S. 214, 229-30 (1985) (Powell, J., concurring); *Local 342, Long Island Public Service Employees v. Town Board*, 31 F.3d 1191, 1196 (2d Cir. 1994) (quotation omitted). Therefore, substantive due process rights are considerably narrower in scope.

As Defendants correctly point out, interests related to employment are generally not considered fundamental rights subject to substantive due process protection. *See Harrah Indep. Sch. Dist. v. Martin*, 440 U.S. 194, 198 (1979). "It is well settled that, where the alleged right . . . cannot be considered so rooted in the traditions and conscience of our people as to be ranked as fundamental, notions of substantive due process will not apply." *Local 342, Long Island Public Service Employees v. Town Board*, 31 F.3d 1191, 1196 (2d Cir. 1994) (internal quotation marks omitted); *see also Walker v. City of Waterbury*, 361 Fed. Appx. 163, 165 (2d Cir. 2010) (holding that "substantive due process protections extend only to those interests that are implicit in the

11

concept of ordered liberty") (internal quotation marks omitted). However, some courts have held that a tenured faculty position is "'a property interest deserving of . . . substantive protections of the Fourteenth Amendment.'" *Tonkovich v. Kansas Bd. of Regents*, 159 F.3d 504, 528 (10th Cir. 1998) (quotation omitted); *Garcia v. City of Albuquerque*, 232 F.3d 760, 771-73 (10th Cir. 2000). As such, for purposes of the pending motions, the Court will assume that Plaintiff has sufficiently alleged a protected property interest for purposes of her substantive due process claim.

Nevertheless, Plaintiff's substantive due process claim must be dismissed because she has failed to allege that Defendants have deprived her of her protected property interest. Although the School District charged Plaintiff with numerous violations with the alleged intention of terminating her tenure and employment, Plaintiff prevailed at the hearing and the hearing officer dismissed all charges against her on June 3, 2014. *See* Dkt. No. 1 at ¶ 54. Since Plaintiff is still a tenured employee of the School District, clearly she has not been deprived of her protected property interest.

In her response to the motions to dismiss, Plaintiff contends that the School District took "25 years of her lesson plans, letters and report cards when they took her computer from her classroom." Dkt. No. 21-1 at 17-18. This information is not alleged in the complaint and, therefore, not properly considered on a motion to dismiss. Even assuming that this allegation was properly before the Court, it would nevertheless be subject to dismissal because Plaintiff does not have a protected property interest in such items.

Additionally, the Court finds that Plaintiff has failed to plausibly allege any conduct that was sufficiently egregious, outrageous, brutally offensive to human dignity, or conscience-shocking so as to be actionable as a violation of substantive due process.

12

In her opposition to the motions to dismiss, Plaintiff relies in part on *Murphy v. City of Rochester*, 986 F. Supp. 2d 257, 272 (W.D.N.Y. 2013). In *Murphy*, the plaintiff, who was employed as a teacher, was brought up on criminal charges alleging theft of district property. *See id.* at 262-63. Following a bench trial, he was acquitted of the criminal charge. *See id.* at 263. After his acquittal, the school district filed six charges against the plaintiff pursuant to New York Education Law § 3020-1 seeking to terminate his employment "for reasons related to the alleged theft of the robotics parts and equipment, as well as for use of [a school-owned] computer to store pornographic images and videos." *Id.* After eighteen days of testimony, including testimony from two forensic computer experts, the hearing officer denied and dismissed the charges, finding that the school district failed to prove by a preponderance of the evidence that the plaintiff engaged in the alleged misconduct. *See id.* at 264. From the outset of the plaintiff's criminal arrest, through the termination of his civil rights lawsuit filed in the Western District of New York, the plaintiff was placed on leave. *See id.* Dismissing the plaintiff's substantive due process claim, the court held that the plaintiff failed to allege any conduct so egregious or conscience-shocking so as to be actionable as a violation of substantive due process. *See id.* at 272. Dismissing this claim, the court noted the fact that "all of the disciplinary charges against [the plaintiff] were dismissed, and he has retained his position as a tenured teacher with the [school district]." *Id.*

In the present matter, Plaintiff's allegations are considerably less outrageous than those alleged in *Murphy*. Plaintiff was not brought up on criminal charges, only allegations of misconduct under the Education Law. Further, unlike the plaintiff in *Murphy*, Plaintiff has not alleged that she was placed on leave during the pendency of the administrative proceedings.

To the extent that Plaintiff is contending that Defendants' conduct was conscience

shocking because they failed to adequately investigate the alleged misconduct prior to filing the

charges against her, the Court is unpersuaded.  In fact, Plaintiff's claim that Defendants' brought

the charges against her without investigation is belied and contradicted in the complaint itself.

Plaintiff repeatedly alleges that Defendants engaged in an extensive search of Mr. Cafiero's email

history, including emails between Mr. Cafiero and Plaintiff.  *See* Dkt. No. 1 at ¶¶ 28-33.  Further,

Defendants allegedly directed the School District's network administrator to retrieve all emails

from Mr. Cafiero and Plaintiff, as well as potentially relevant password protected documents

stored on the district's server.  *See id.* at ¶¶ 33-37.  Thereafter, Plaintiff alleges that Deputy

Superintendent Wade "pulled file copies of the final evaluation reports and compared the verbiage

word for word between the draft attachments in emails between Cafiero and plaintiff . . . and the

final evaluation report in the employee's personnel file."  *Id.* at ¶ 38.  At this point, Plaintiff

contends that "Lambert, Wade & Donlon interviewed Marbletown Elementary School teachers

and staff individually, in closed meeting, without the presence, participation, or knowledge of

plaintiff . . . or Cafiero, to find out if they were aware that [Plaintiff] might have edited

preliminary drafts of their APPR (Annual Professional Performance Review) evaluation reports at

Cafiero's request."  *Id.* at ¶ 40.  Finally, Plaintiff alleges that, "[d]espite the absence of protests or

complaints about the evaluations and the absence of evidence or suggestion that any of them

misrepresented any employee in any way, Agostaro and Wade contacted the New York State

Education Department about the issue, providing a sample of the cited evaluations."  *Id.* at ¶ 43.

Contrary to Plaintiff's arguments, the allegations in the complaint clearly allege that

Defendants engaged in a somewhat extensive investigation prior to filing the charges of

misconduct.  In fact, Defendants Agostaro and Wade even consulted with individuals at the

Education Department about the issue before any charges were filed.  Although the charges may

have ultimately been determined to be unfounded, none of the allegations in the complaint set

forth sufficiently egregious and conscience-shocking conduct so as to be actionable as a violation

of substantive due process.  *See Murphy*, 986 F. Supp. 2d at 272.

Based on the foregoing, the Court grants Defendants' motions to dismiss Plaintiff's

substantive due process claim.


**D.      Defendant Lambert**

Defendant Lambert contends that, since he is an attorney in private practice and not an

employee of the School District, he is not a "state actor" for purposes of section 1983.  *See* Dkt.

No. 17-6 at 10-12.  In her response, Plaintiff contends that, if she "can prove that Mr. Lambert

acted in concert with the other defendants who are state actors, carrying out a deliberate,

previously agreed upon plan to violate plaintiff's constitutional rights, then he may be subject to

suit under § 1983."  Dkt. No. 21-1 at 22.

Contrary to Plaintiff's assertions, Defendant Lambert's position as an attorney in private

practice who was retained by the School District does not make him a state actor for purposes of

section 1983.  *See Dorcely v. Wyandanch Union Free Sch. Dist.*, 665 F. Supp. 2d 178, 213-14

(E.D.N.Y. 2009) (finding that no inference could be made that the defendant, who was acting in

his capacity as a privately retained attorney to the school district, was a state actor) (citations

omitted); *Watson v. Grady*, No. 09-CV-3055, 2010 WL 3835047, *8 (S.D.N.Y. Sept. 30, 2010)

("Defendant Sims cannot be held liable pursuant to § 1983 as a state actor simply because she was

hired as a private attorney for the [School] District"); *Licari v. Voog*, 374 Fed. Appx. 230, 231 (2d

Cir. 2010) ("It is well established that private attorneys-even if the attorney was court

appointed-are not state actors for the purposes of § 1983 claims").  While Plaintiff is correct that

an otherwise non-state actor can be held liable for conspiring with state actors to deprive another

of his or her constitutional rights, the complaint fails to plausibly allege any such conspiracy.

Based on the foregoing, the Court grants Defendant Lambert's motion to dismiss.


**E.      Leave to amend**

Plaintiff asks the Court to grant her leave to amend if the Court grants Defendants'

motions to dismiss.  *See* Dkt. No. 21-1 at 12.

Under Rule 15(a) of the Federal Rules of Civil Procedure, leave to amend should be

"freely given when justice so requires." *New York State Nat'l Org. for Women v. Cuomo*, 182

F.R.D. 30, 36 (S.D.N.Y. 1998) (quoting Fed. R. Civ. P. 15(a)); *see also Forbes & Wallace, Inc. v.*

*Chase Manhattan Bank*, 79 F.R.D. 563, 565 (S.D.N.Y. 1978).  It has long been "well-established

that 'outright dismissal for reasons not going to the merits is viewed with disfavor in the federal

courts.'"  *Harrison v. Enventure Capital Group, Inc.*, 666 F. Supp. 473, 479 (W.D.N.Y. 1987)

(quoting *Nagler v. Admiral Corporation*, 248 F.2d 319, 322 (2d Cir. 1957)).  For this reason,

"dismissals for insufficient pleadings are ordinarily with leave to replead."  *Stern v. General Elec.*

*Co.*, 924 F.2d 472, 477 (2d Cir. 1991).  Leave to amend a pleading need not be granted, however,

if it would be futile to do so.  *See O'Hara v. Weeks Marine, Inc.*, 294 F.3d 55, 69 (2d Cir. 2002)

(citing *Acito v. IMCERA Group, Inc.*, 47 F.3d 47, 55 (2d Cir. 1995)).

The Court has considered Plaintiff's complaint and the information included in her

response to the pending motions and finds that permitting amendment in this case would be futile.

Not only can Plaintiff not establish that she was deprived of a protected property interest, the facts

alleged fall far short of establishing sufficiently egregious conduct to support her substantive due process claim. As such, Plaintiff's substantive due process claim is dismissed with prejudice.

**F.     State law claims**

Application of supplemental jurisdiction is discretionary, and "it requires a balancing of the considerations of comity, fairness to the litigants, judicial economy, and the avoidance of needless decisions of state law." *Federman v. Empire Fire & Marine Ins. Co.*, 597 F.2d 798, 809 (2d Cir. 1979) (citation omitted). The Second Circuit has held that "'if [all] federal claims are dismissed before trial . . . the state claims should be dismissed as well.'" *Castellano v. Bd. of Trustees*, 937 F.2d 752, 758 (2d Cir. 1991) (quoting *United Mine Workers v. Gibbs*, 383 U.S. 715, 726, 86 S. Ct. 1130, 16 L. Ed. 2d 218 (1966)); *see also Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 & n.7 (1988) (enumerating several factors that courts should weigh in considering whether to exercise supplemental jurisdiction – "the values of judicial economy, convenience, fairness, and comity" – and suggesting that, "in the usual case in which all federal-law claims are eliminated before trial, the balance of [those] factors . . . will point toward declining to exercise jurisdiction over the remaining state-law claims").

In her response to the motion to dismiss, Plaintiff voluntarily withdrew her sixth cause of action (deprivation of a liberty interest) and her seventh cause of action (violation of civil rights). *See* Dkt. No. 21-1 at 19. Further, Plaintiff clarified that all but her substantive due process claim were state-law causes of action brought pursuant to the Court's supplemental jurisdiction. Since the Court has dismissed with prejudice the only remaining claim over which it has original jurisdiction and given the posture of this case, the Court declines to exercise supplemental jurisdiction over Plaintiff's remaining claims.

Accordingly, the Court dismisses without prejudice Plaintiff's remaining state-law causes of action.

## IV. CONCLUSION

After carefully reviewing the entire record in this matter, the parties' submissions and the applicable law, and for the above-stated reasons, the Court hereby

**ORDERS** that Defendants' motions to dismiss are **GRANTED;** and the Court further

**ORDERS** that the Clerk of the Court shall enter judgment in Defendants' favor and close this case; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Memorandum-Decision and Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: December 10, 2015
      Albany, New York

Mae A. D'Agostino
U.S. District Judge